## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---

| | | |
|---|---|---|
| SHEREA SMAW | : | |
| 4854 North Bouvier St. | : | |
| Philadelphia, PA 19141 | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | |
| | : | No.: _____ |
| v. | : | |
| | : | |
| GLORIA DEI COMMUNITIES CORPORATION | : | |
| d/b/a GLORIA DEI TOWERS | : | **JURY TRIAL DEMANDED** |
| 2900 Street Rd. | : | |
| Warrington, PA 18976 | : | |
| | : | |
| Defendant. | : | |

---:

## CIVIL ACTION COMPLAINT

Sherea Smaw (hereinafter referred to as "Plaintiff"), by and through her undersigned counsel, hereby avers as follows:

## INTRODUCTION

1.       Plaintiff has initiated this action to redress violations by Gloria Dei Communities Corporation (hereinafter referred to as "Defendant") of Title VII of the Civil Rights Act of 1964 ("Title VII" – 42 U.S.C. §§ 2000(d) *et. seq*), Section 1981 of the Civil Rights Act of 1866 ("Section 1981" – 42 U.S.C. § 1981), the Americans with Disabilities Act, as amended ("ADA" - 42 USC §§ 12101, *et. seq*.), the Family and Medical Leave Act ("FMLA - 29 U.S.C. §2601 *et seq*.), and the Pennsylvania Human Relations Act ("PHRA").[1]   As a direct consequence of Defendant's unlawful actions, Plaintiff seeks damages as set forth herein.

---

[1] Plaintiff's claims under the PHRA are referenced herein for notice purposes.  She is required to wait 1 full year before initiating a lawsuit for these claims from date of dual-filing with the PHRA.  Plaintiff must however file her

## JURISDICTION AND VENUE

2.     This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal laws. There lies supplemental jurisdiction over Plaintiff's future state law claims because they arise out of the same common nucleus of operative facts as Plaintiff's federal claims asserted herein.

3.     This Court may properly assert personal jurisdiction over Defendant because its contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945), and its progeny.

4.     Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because Defendant is deemed to reside where it is subjected to personal jurisdiction, rendering Defendant a resident of the Eastern District of Pennsylvania.

5.     Plaintiff is proceeding herein (in part) under Title VII and ADA, after properly exhausting all administrative remedies with respect to such claims by timely filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and by filing the instant lawsuit within ninety ("90") days of receiving a notice of dismissal and/or right to sue letter from the EEOC.

---

lawsuit in advance of same because of the date of issuance of her federal right-to-sue-letter under Title VII and the ADA.  Plaintiff's PHRA and claims however will mirror identically her federal claims under Title VII and the ADA.

## PARTIES

6.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

7.     Plaintiff is an adult individual who resides at the address as set forth in the caption.

8.     Defendant is a corporation and owns and operates several retirement communities throughout Pennsylvania, including the location at which Plaintiff worked in Huntingdon Valley, PA, known as "Gloria Dei Towers."

9.     At all times relevant thereto, Defendant acted through its agents, servants and employees, who acted within the scope of their authority, course of employment, and under the direct control of Defendant.

## FACTUAL BACKGROUND

10.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

11.     Plaintiff is a Black/African-American female.

12.     Plaintiff was hired by Defendant as a Housekeeper in or about 2019 and remained in this position until she was unlawfully terminated on or about December 19, 2024 (discussed further *infra*).

13.     Plaintiff physically worked at Defendant's 770 Welsh Rd., Huntingdon Valley, PA location (known as Gloria Dei Towers).

14.     At all relevant times herein, Plaintiff was supervised by Administrator – Patti Chichilitti (hereinafter "Chichilitti").

15.     During her employment with Defendant, Plaintiff was harassed and subjected to a hostile work environment based on her race by another co-worker, Andrew (last name unknown – Caucasian, hereinafter "Andrew").

16.    For example but not intending to be an exhaustive list, Andrew would make racial comments towards Plaintiff, such as calling her the N-word and making other racial discriminatory statements, such as "Black lives don't matter."

17.    In addition to the aforesaid offensive and egregious racial discriminatory comments, Andrew would also threaten Plaintiff, tell her to do his work, and overall made Plaintiff feel very unsafe.

18.    As a result of the foregoing, Plaintiff reported Andrew and his racial discriminatory behavior to Chichilitti, Assistant Administrator – Diane Turturro (last name unknown – hereinafter "Turturro"), and CEO – Vince Dattilo (hereinafter "Dattilo"); however, these individuals dismissed Plaintiff's aforesaid concerns, never performed a proper investigation, and simply told Plaintiff to just do her job.

19.    Plaintiff continued to be subjected to Andrew's racial discriminatory treatment and was made to feel unsafe at work until in or about February of 2024, when Andrew retired from his employment with Defendant.

20.    However, Andrew's harassment towards Plaintiff significantly impacted her mental health, and Plaintiff was diagnosed with anxiety and depression.

21.    Plaintiff's aforesaid disabilities, at times, impacted her ability to perform some daily life activities, including but not limited to sleeping, engaging in social interaction, working, and focusing.

22.    Therefore, while Andrew was still employed with Defendant and even after he retired, Plaintiff required accommodations under the ADA, including but not limited to intermittent ADA and FMLA-qualifying leave.

23.    For example, Plaintiff would often have to call out of work due to flare ups of her

mental health, and her doctor began to suggest that she attend therapy.

24.     In or about August/September of 2024, Plaintiff inquired about intermittent time off from work and/or a reduced schedule through in or about November of 2024 so that she could treat for her mental health and attend physical therapy sessions.

25.     Plaintiff had her physician complete FMLA paperwork and provided it to Turturro, who then forwarded it to Defendant's Human Resources/Payroll administrator, Aleksandra Hryhorchuk ("Hryhorchuk").

26.     Despite providing medical support for a reasonable accommodation request (intermittent medical leave and/or a reduced schedule under the FMLA), Plaintiff never received a response from Hryhorchuk or anyone else within Defendant approving her request for said accommodation[s]/leave. As a result, Plaintiff had ADA and FMLA-qualifying absences counted against her.

27.     To add insult to injury, Defendant's management continued to allow Andrew back into the facility following his retirement, despite the fact that they knew Plaintiff did not feel safe around him and that he had previously engaged in racial discriminatory harassment towards her.

28.     Plaintiff complained about Defendant's management's action of allowing Andrew back into the facility following his retirement; however, nothing was done to resolve this issue.

29.     On or about December 17, 2024, Andrew, with Defendant's management's approval, came into the building where Plaintiff was working.

30.     Plaintiff immediately felt uneasy and unsafe due to Andrew's presence in the building on December 17, 2024.

31.     Therefore, Plaintiff notified Defendant's management, including Chichilitti that she did not feel safe and that she wanted to leave.

32.     Hryhorchuk was also made aware of Plaintiff's feelings on December 17, 2024 (discussed *supra*) and told Plaintiff that it would be okay for her to leave for the day due to the same.

33.     Plaintiff was thereafter terminated on December 19, 2025 from her employment with Defendant for allegedly abandoning her position "for no valid reason."

34.     However, on December 17, 2024, Plaintiff specifically texted Chichilitti stating: "I talked to Alexander [sic] and told her what was going on with Andy being in the building with his wife and I didn't feel safe with them there and I told her I would like to leave and she said okay she will call you . . ."

35.     Despite this message to Chichilitti, Plaintiff was still terminated.

36.     Plaintiff therefore believes and avers that she was terminated for discriminatory and retaliatory reasons under various state and federal laws, including Title VII, the ADA, and Section 1981.

**COUNT I**
**Violation of Title VII of the Civil Rights Act of 1964 ("Title VII")**
**([1] Race Discrimination [2] Retaliation; [3] Hostile Work Environment)**

37.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

38.     Based on the foregoing, Plaintiff was subjected to a hostile work environment because of her race and/or complaints of racial discrimination.

39.     Plaintiff also believes and avers that her race was a motivating and/or determinative factor in Defendant's decision to terminate her employment.

40.     Lastly, Plaintiff believes and avers that she was terminated in retaliation for complaining of racial discrimination.

41.     The aforesaid actions of Defendant, through its agents, servants, and employees, constitute violations of Title VII.

## COUNT II
## Violations of 42 U.S.C. § 1981
### ([1] Race Discrimination; [2] Retaliation; [3] Hostile Work Environment)

42.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

43.     Based on the foregoing, Plaintiff was subjected to a hostile work environment based on her race and/or complaints of racial discrimination.

44.     Plaintiff believes and avers that she was terminated because of her race and/or in retaliation for complaining of racial discrimination.

45.     The aforesaid actions of Defendant, through its agents, servants, and employees, constitute violations of Section 1981.

## COUNT III
## Violation of the Americans with Disabilities Act, as amended ("ADA")
### ([1] Actual/Perceived Disability Discrimination; [2] Retaliation; [3] Failure to Accommodate)

46.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

47.     Plaintiff believes and therefore avers that her actual and/or perceived disabilities was a motivating or determinative factor in Defendant's decision to terminate her employment.

48.     Plaintiff also believes and therefore avers that she was terminated in retaliation for engaging in protected activity under the ADA.

49.     Lastly, Plaintiff believes and avers that Defendant failed to accommodate her disabilities by counting ADA-qualifying absences against her and later terminating her employment to avoid having to accommodate her in the future.

50.    The aforesaid actions of Defendant, through its agents, servants, and employees, constitute violations of the ADA.

## Count III
## Violations of the Family and Medical Leave Act ("FMLA")
(Retaliation & Interference)
-Against Both Defendants-

51.    The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

52.    Plaintiff was an eligible employee under the definitional terms of the FMLA, 29 U.S.C. § 2611(a)(i)(ii).

53.    Plaintiff requested leave for her own serious health condition from Defendant, her employer, with whom he had been employed for at least twelve months pursuant to the requirements of 29 U.S.C.A § 2611(2)(i).

54.    Plaintiff had at least 1,250 hours of service with Defendant during her last full year of employment (prior to requesting FMLA).

55.    Defendant is engaged in an industry affecting commerce and employs fifty (50) or more employees for each working day during each of the twenty (20) or more calendar work weeks in the current or proceeding calendar year, pursuant to 29 U.S.C.A § 2611(4)(A)(i).

56.    Plaintiff was entitled to receive leave pursuant to 29 U.S.C.A § 2612 (a)(1) for a total of twelve (12) work weeks of leave on a block or intermittent basis.

57.    Defendants committed interference and retaliation violations of the FMLA by: (1) failing to properly inform Plaintiff of her FMLA leave rights; (2) failing to properly designate Plaintiff's absences and FMLA-protected absences; (3) terminating Plaintiff for requesting and/or utilizing FMLA-qualifying leave; (4) terminating Plaintiff in order to prevent her from using

FMLA-qualifying leave in the future; and/or (5) taking actions towards Plaintiff that would dissuade a reasonable person from exercising her rights under the FMLA.

58.     These actions as aforesaid constitute violations of the FMLA.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A.     Defendant is to promulgate and adhere to a policy prohibiting discrimination and retaliation in the future against any employee(s);

B.     Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay, and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement and seniority;

C.     Plaintiff is to be awarded liquidated and/or punitive damages, as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

D.     Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper and appropriate (including but not limited to damages for emotional distress, pain, suffering and humiliation); and

E.     Plaintiff is to be awarded the costs and expenses of this action and reasonable attorney's fees as provided by applicable federal and state law.

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By: _____

Ari R. Karpf, Esq.
8 Interplex Drive, Suite 210
Feasterville-Trevose, PA 19053
(215) 639-0801

Dated: April 9, 2025

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

|  |  |  |
|---|---|---|
| Sherea Smaw | : | CIVIL ACTION |
| v. | : | |
| | : | |
| Gloria Dei Communities Corporation d/b/a Gloria Dei Towers | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.      ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.      ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.      ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)      ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.      (x )

| | | |
|---|---|---|
| 4/9/2025 | | Plaintiff |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-639-0801 | 215-639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

10/2024

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: <u>Defendants place of business</u>

---

***RELATED CASE IF ANY:***  Case Number: _____  Judge: _____

1. Does this case involve property included in an earlier numbered suit?                                    Yes ☐

2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit?     Yes ☐

3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit?   Yes ☐

4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual?   Yes ☐

5. Is this case related to an earlier numbered suit even though none of the above categories apply? If yes, attach an explanation.   Yes ☐

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

*A.  Federal Question Cases:*

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Wage and Hour Class Action/Collective Action
- ☐ 6. Patent
- ☐ 7. Copyright/Trademark
- ☐ 8. Employment
- ☐ 9. Labor-Management Relations
- ☒ 10. Civil Rights
- ☐ 11. Habeas Corpus
- ☐ 12. Securities Cases
- ☐ 13. Social Security Review Cases
- ☐ 14. Qui Tam Cases
- ☐ 15. Cases Seeking Systemic Relief  **\*see certification below\***
- ☐ 16. All Other Federal Question Cases. *(Please specify):* _____

*B.  Diversity Jurisdiction Cases:*

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify):* _____
- ☐ 7. Products Liability
- ☐ 8. All Other Diversity Cases: *(Please specify)* _____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒ Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

SMAW, SHEREA

**DEFENDANTS**

GLORIA DEI COMMUNITIES CORPORATION
D/B/A GLORIA DEI TOWERS

**(b)** County of Residence of First Listed Plaintiff    Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Bucks
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Ari R. Karpf, Esq.; Karpf, Karpf & Cerutti, P.C., 8 Interplex Drive, Suite 210,
Feasterville-Trevose, PA 19053; 215-639-0801; akarpf@karpf-law.com

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [X] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*    *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury – Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ Pharmaceutical | | **INTELLECTUAL PROPERTY RIGHTS** | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | Personal Injury | | [ ] 820 Copyrights | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | [ ] 368 Asbestos Personal Injury Product | | [ ] 830 Patent | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | Liability | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | [ ] 840 Trademark | [ ] 460 Deportation |
| | | [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 371 Truth in Lending | [ ] 720 Labor/Management Relations | | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 380 Other Personal Property Damage | [ ] 740 Railway Labor Act | **SOCIAL SECURITY** | [ ] 485 Telephone Consumer Protection Act |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 385 Property Damage Product Liability | [ ] 751 Family and Medical Leave Act | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice | | [ ] 790 Other Labor Litigation | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 196 Franchise | | | [ ] 791 Employee Retirement Income Security Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| | | | | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information Act |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 896 Arbitration |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | | |
| [ ] 245 Tort Product Liability | [X] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | **IMMIGRATION** | | [ ] 950 Constitutionality of State Statutes |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** | [ ] 462 Naturalization Application | | |
| | [ ] 448 Education | [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions | | |
| | | [ ] 550 Civil Rights | | | |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
ADA (42USC12101); FMLA (29USC2611); Title VII (42USC2000); Section 1981 (42USC1981)

Brief description of cause:
Violations of the ADA, FMLA, Title VII, Section 1981 and the PHRA.

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   [X] Yes   [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*    JUDGE _____    DOCKET NUMBER _____

DATE    4/9/2025      SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____